Mamadou Aliou A. DIALLO,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General,[1] Respondent.

No. 07–3027–ag.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Jaesa Woods Mclin, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Oxford, MS, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Mamadou Aliou A. Diallo, a citizen of Guinea, seeks review of a June 26, 2007 order of the BIA affirming the January 17, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Aliou A. Diallo,* No. A98 580 940 (B.I.A. June 26, 2007), *aff'g* No. A98 580 940 (Immig. Ct. N.Y. City Jan. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence. The IJ accurately found that Diallo testified inconsistently about when and where he regained consciousness after he was attacked by two men in military uniforms, and about how long he stayed in a hospital after the incident. These discrepancies were material because they related directly to the central incident of persecution that formed the basis of his asylum claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Accordingly, the IJ did not err by relying on these inconsistencies in support of her adverse credibility determination.

The IJ also accurately found that while Diallo's medical certificate stated that his elbow was dislocated during the attack, his asylum application omits any mention of this injury. While omissions from an asylum application must be substantial in order to support an adverse credibility determination, *see Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003), because this omission concerned the only incident of past persecution that Diallo alleged, it was properly considered as part of the IJ's cumulative credibility analysis.

The IJ also did not err in finding implausible Diallo's claim that he was a founding member and president of the

UEPP and a member of the UFR where he could not remember the slogans of these organizations. This implausibility finding was not impermissible, as the IJ evaluated Diallo's testimony using her "common sense and ordinary experience" that it is implausible that the President of an organization could not remember the slogans of his organization, the UEPP, or the slogans of the political party with which the UEPP is affiliated. *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007).

Having called Diallo's testimony into question, the IJ also reasonably found that his failure to provide corroborative evidence, such as phone records from his telephonic meetings with the UEPP, letters from the UEPP or the UFR confirming that he was a member of these organizations, evidence proving the UEPP's existence, or letters from his family in Guinea, rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't Justice,* 471 F.3d 315, 341 (2d Cir.2006).

We agree with the BIA that although none of these findings might, alone, support the IJ's adverse credibility determination, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). While the IJ's decision is not without error,[2] remand would be futile in this case, as we . can confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen,* 471 F.3d at 339. When

considered as a whole, the agency's error-free findings provided substantial evidence in support of the adverse credibility determination.

Because the only evidence of a threat to Diallo's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

2. For example, we find no support in the record for the IJ's finding that it was implausible that Diallo started a student organization, the UEPP, "when he was not in fact a student [at the university] and was merely auditing classes." *See Cao He Lin v. U.S. Dep't Justice,* 428 F.3d 391, 405 (2d Cir.2005)

(holding that, absent record evidence, IJ must not speculate as to the existence or nature of practices in foreign countries).

